IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:23-CV-00160-D-RJ

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
                                      )
          Plaintiff, )
                                      ) **CONSENT DECREE**
v. )
                                      )
WAL-MART STORES EAST, LP., )
                                      )
          Defendant. )
_____)

      The Equal Employment Opportunity Commission ("EEOC" or the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Section 102 of the Civil Rights Act of 1991. The Commission's complaint alleges that Wal-Mart Stores East, LP ("Defendant" or "Walmart") discriminated against Calvin Hagan ("Mr. Hagan") by failing to provide a reasonable accommodation for Mr. Hagan and discharging him in violation of the ADA. Defendant denies the allegations that it engaged in any unlawful conduct in violation of the ADA and does not make any admission of liability by entering into this Consent Decree.

      The Commission and Walmart (the "parties") stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as set forth below. Therefore, it is ORDERED that:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in the instant Civil Action No. 5:23-cv-00160-D-RJ filed by the Commission and in EEOC Charge No. 433-2018-03320 filed by Mr. Hagan, which serves as the jurisdictional prerequisite in this case. Pursuant to this Consent Decree, Mr. Hagan will execute the release of claims set forth in Exhibit A within ten days of entry of this Consent Decree. This Consent Decree does not resolve any other charge of discrimination currently pending before the Commission or any charge that may be filed in the future. The Commission reserves all rights to proceed with the investigation and/or litigation of any other charges or claims against Walmart, including but not limited to, the investigation and litigation of any other charges. Walmart reserves all rights to defend such action(s). Enforcement of this Consent Decree cannot be used to circumvent the Commission's obligation under the ADA to exhaust administrative remedies prior to filing suit on behalf of any aggrieved individual. This Consent Decree is the result of negotiation and compromise among the parties of disputed claims and shall not be construed as evidence of any violations by Walmart of any federal statute, regulation, or common law obligation.

2. The purpose and provisions of the ADA will be furthered by the entry of this Consent Decree, the terms of which constitute a fair and equitable settlement.

3. This Consent Decree constitutes the complete understanding between the parties regarding the matters discussed herein.

4.     The parties shall not contest the validity of this Consent Decree, or the jurisdiction of the United States District Court of the Eastern District of North Carolina to enforce this Consent Decree and its terms, or the right of the Commission or Defendant to bring an enforcement action or proceeding upon the breach of any term of this Consent Decree.

5.     The terms of this Consent Decree shall be binding on the present and future representatives, agents, directors, officers, successors and assigns of the parties.

## I.   SCOPE AND DURATION OF DECREE

6.     This Consent Decree applies solely to Walmart Store #4484 in Raleigh, North Carolina (hereinafter, the "Facility"). The term of this Consent Decree shall be for two (2) years from its entry by the Court.

## II.   INJUNCTIVE RELIEF

7.     Walmart, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from:

(a)     Failing to offer intermittent leave as a reasonable accommodation to a qualified individual with a disability where the leave requested was or is due to the individual's disability, unless doing so would impose an undue hardship or is not otherwise legally required;

(b)     Failing to consider a request for leave for disability-related medical appointments, treatment or recovery from treatment, or incapacity by a qualified individual with a disability as a request for accommodation under the ADA;

(c)     Failing to provide a qualified individual with a disability with a mechanism for requesting a reasonable accommodation under the ADA, to allow for an interactive process

3

in determining whether a reasonable accommodation exists, and to provide an avenue for employees to seek reconsideration if a reasonable accommodation is denied; and

(d) Assessing attendance occurrence points for disability-related absences against an employee who requests intermittent leave as an accommodation unless the accommodation of intermittent leave is denied or the employee fails to give notice under Walmart's policy.

## III. MONETARY RELIEF

8. Walmart shall pay Mr. Hagan the total gross sum of Forty Thousand Dollars ($40,000.00) (the "Settlement Payment") in full and final settlement of this civil action, *Equal Employment Opportunity Commission v. Wal-Mart Stores East, LP,* Civil Action No. 15:23-cv-00160-D-RJ, EEOC Charge No. 433-2018-03320. Walmart shall, within thirty (30) days of the entry of this Consent Decree:

(a) issue a check in the amount of Twenty Thousand Dollars ($20,000.00), less all applicable tax withholdings, payable to Calvin Hagan and delivered to the address on his W-4 and W-9 forms for claims related to lost wages (reported on an IRS Form W-2); and

(b) issue a check in the amount of Twenty Thousand Dollars ($20,000.00) payable to Calvin Hagan and delivered to the address on his W-4 and W-9 forms for claims related to compensatory damages (reported on an IRS Form 1099).

These payments are contingent on Mr. Hagan completing and returning the following documents: IRS W-4 and W-9 Form, Exhibit A, and Associate Information Sheet. If the completed forms are not received by Walmart until after the entry of this Consent Decree, payment will not be due until thirty (30) days after receipt of the documents by Walmart.

9. Within ten (10) days of sending the checks to Mr. Hagan, Walmart shall provide the Commission a copy of the checks and proof of delivery.

10. Neither the Commission nor Walmart makes any representation, or assumes any responsibility for any tax liability, assessments, interest, penalties, and/or costs that Mr. Hagan may or may not incur on such payments under local, state, and/or federal law.

11. The Commission may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the Commission is required to issue a Form 1098-F in connection with the payments made under this Consent Decree, the Commission will issue the Form 1098-F via email and mail as follows:

| | |
|---|---|
| Defendant's EIN: | 71-0862119 |
| Name: | Salvador Simao |
| Email: | ssimao@constangy.com |
| Physical Address: | Constangy, Brooks, Smith & Prophete, LLP<br>15 Independence Boulevard, Suite 420<br>Warren, NJ 07059 |

The Commission has made no representations regarding whether the amount paid pursuant to this Consent Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

### IV. NON-MONETARY RELIEF

12. Should Mr. Hagan desire employment verification from Walmart, Mr. Hagan may provide any prospective employer or other inquiring party to whom Mr. Hagan desires to give such

5

reference, the telephone number of Defendant's The Work Number for Everyone® (1-800-367-5690), which will verify Mr. Hagan's dates of employment and positions held and, if authorized by Mr. Hagan, last pay rate.

A. **POLICY AND PROCEDURE**

13. Within ninety (90) days of the entry of this Consent Decree, Walmart shall ensure that the policy and procedures for the Facility provide a mechanism for requesting a reasonable accommodation under the ADA, allow for an interactive process in determining whether a reasonable accommodation exists, and provide an avenue for employees to seek reconsideration if a reasonable accommodation request is denied. Walmart shall certify compliance with this paragraph by providing written Notice to the Commission within one hundred twenty (120) days of entry of the Consent Decree.

14. Walmart agrees that its current ADA policies and procedures include intermittent leave as a potential reasonable accommodation for qualified individuals with disabilities, as provided under the ADA.

15. Within ninety (90) days of entry of the Consent Decree, Walmart shall redistribute its current "Accommodation in Employment – (Medical-Related) Policy" and "Accommodation in Employment (Medical-Related) Management Guidelines – Walmart, Sam's Club and Neighborhood Market" to all salaried managers and all Human Resources associates located at the Facility. At Walmart's election, Walmart may provide said policies and procedures in paper form, electronic form, via link to the location where said policies and procedures can be found within Walmart's computer systems, and/or by providing instructions to such employees where such policies and procedures can be found within Walmart's computer systems. Walmart shall notify the Commission that the policies and procedures have been distributed within one hundred

6

twenty (120) days of the entry of this Consent Decree.

16. During the term of the Consent Decree, Walmart's policies and procedures related to the ADA will be available electronically to all employees at the Facility.

**B. TRAINING**

17. During the term of this Consent Decree, Walmart shall provide an annual training program of at least 90 minutes to the salaried managers and, as well as Human Resources associates employed at the Facility who have responsibility for monitoring or implementing reasonable accommodations. Walmart shall have the option regarding how to deliver this training, including, but not limited to, via videoconference or computer-based learning. The training program shall include an explanation of:

(a) the requirements of the ADA;

(b) the ADA's prohibition against discrimination and harassment on the basis of disability, including by failing to provide a reasonable accommodation unless it would result in an undue hardship;

(c) Walmart's reasonable accommodation and/or ADA policy and the processes by which an employee can request a reasonable accommodation;

(d) that Walmart's reasonable accommodation policy includes continuous and intermittent leave as potential accommodations which can be granted under the policy;

(e) that intermittent leave may be a reasonable accommodation under the ADA even when an employee does not qualify for FMLA leave; and

(f) the scope of authority for salaried managers, as well as Human Resources associates employed at the Facility, to approve and/or excuse specific tardies and absences when notified that the employee's tardy or absence is related to an employee's disability.

18. The first training program conducted under this section shall be completed within six (6) months of the entry of the Consent Decree, and the subsequent training sessions will be completed annually.

19. Within thirty (30) days after the completion of each training program, Walmart shall provide the Commission with written Notice of the date and time the training took place and a roster of the number of employees by job title who completed the training.

20. If at any time during the effective period of this Consent Decree, Walmart hires or promotes an individual to a position as salaried managers and, as well as Human Resources associates employed at the Facility, Walmart will provide that person with the training within sixty (60) days of that individual's placement in the new position.

## C. POSTING OF NOTICE TO EMPLOYEES

21. Within thirty (30) days of the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Walmart shall post the attached Employee Notice, marked as Exhibit B, and hereby made a part of this Consent Decree, either (a) on its OneWalmart intranet where it will be accessible to all associates at the Facility, or (b) in a conspicuous place upon the premises at the Facility where notices to employees are customarily posted. Within forty-five (45) days of the entry of this Consent Decree, Walmart shall certify to the Commission that the Employee Notice has been posted.

## D. COMPLIANCE REPORTS

22. During the term of this Consent Decree, Walmart shall provide the Commission with annual reports. The first report will be due one hundred twenty (120) days after entry of this Consent Decree. The remaining reports will be due nine (9) months after the previous report.

23. The reports will include the following information for each employee at the Facility who – during the reporting period – requested intermittent leave directly related to their disability as an accommodation:

(a) the date that the accommodation was requested;

(b) details sufficient to describe the request;

(c) whether the employee has been accommodated with intermittent leave, and if so, a description of such accommodation or if not, a statement as to why not;

(d) whether the individual's employment status changed (termination, demotion, involuntary transfer, or involuntary leave of absence) while their accommodation request was pending; and

(e) if the individual's employment status changed, the date on which it changed, how the employment status changed, and why it changed.

24. In the event there is no activity to report pursuant to Paragraph 23, Walmart shall send the Commission a report stating there is no activity to report.

25. If, during the term of this Consent Decree, one party believes the other party is in violation of the Consent Decree, that party shall give written notice of the alleged violation to the other party. The responding party shall have thirty (30) days in which to investigate and respond to the allegations. During this thirty (30) day investigation and response period, the parties agree that, upon seven (7) days written notice to its point of contact, the noticed party will make individuals that are currently employed available to be interviewed – either by video conference, teleconference, or in person. The noticing party may choose the method of interview, and if the party elects to conduct an in-person interview, the noticed party may choose the location, which will be within a reasonable distance of the Facility. The Commission agrees that it will only

9

Case 5:23-cv-00160-D-RJ   Document 37   Filed 09/18/24   Page 9 of 14

interview current salaried employees in the presence of Walmart's legal representative. Thereafter, the parties shall then have a period of ten (10) business days, *i.e.*, days the Commission is open for business, or such additional period as may be agreed upon by them, in which to engage in negotiations regarding such allegations before the first party exercises any remedy provided by law. Notification of an alleged breach must occur not less than thirty (30) days prior to the expiration of this Consent Decree.

## V. JURISDICTION

26. During the duration of this Consent Decree, the Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. Only after exhausting the process set forth in Paragraph 25 above, the parties may seek Court-ordered enforcement of the Consent Decree in the event of a breach of any provision herein.

## VI. NOTICES

27. All notices to Walmart by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Salvador Simao at ssimao@constangy.com and walmart@constangy.com. If at any time during the term of this Consent Decree Walmart's designated point of contact changes, Walmart shall notify the Commission and provide the name and electronic mail address for a new designated point of contact within thirty (30) days of the change.

28. All notices, reports or other documents sent to the Commission by Walmart pursuant to this Consent Decree shall be sent by electronic mail to EEOC-CTDO-decree-monitoring@eeoc.gov.

## VII. MISCELLANEOUS PROVISIONS

29. During the term of this Decree, Walmart shall notify all such successors-in-interest of the existence and terms of this Decree.

30. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

SO ORDERED. This the **18** day of September, 2024.

*/s/ Dever*
JAMES C. DEVER III
United States District Judge

[SIGNATURE PAGE FOLLOWS]

The remainder of this page left blank intentionally.

The parties jointly request that the Court approve and enter the Consent Decree:

Respectfully submitted,

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney

ZÖE G. MAHOOD
Supervisory Trial Attorney

*/s/ Gabriel O. Mondino*
GABRIEL O. MONDINO
Trial Attorney
VA State Bar No. 31514
EEOC, Richmond Local Office
400 North Eight Street
Richmond, VA 23219
Telephone: (804) 362-6916
Email: gabriel.mondino@eeoc.gov


SAMUEL H. WILLIAMS
Trial Attorney
NC State Bar No. 49622
EEOC, Raleigh Area Office
434 Fayetteville St., Suite 700
Raleigh, N.C. 27601
Telephone: (984) 275-4820
Email: samuel.williams@eeoc.gov

*/s/ Salvador P. Simao*
SALVADOR P. SIMAO
NJ State Bar No. 026111997
(Special Appearance)
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
15 Independence Boulevard
Warren, New Jersey 07059
Telephone: 908-758-2785
Email: ssimao@constangy.com

ASHLEY L. ORLER
IL State Bar No. 6297339
(Special Appearance)
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
20 N. Wacker Drive, Suite 4120
Chicago, Illinois 60606
Telephone: 773-661-4713
Email: aorler@constangy.com

SHANNON S. SPAINHOUR
NC State Bar No. 28108
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
84 Peachtree Road, Suite 230
Asheville, N.C. 28803
Telephone: 828-575-5818
Email: mspainhour@constangy.com

DANIELLE PIERRE
NJ State Bar No. 209902018
(Special Appearance)
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
15 Independence Boulevard
Warren, New Jersey 07059
Telephone: 908-758-2785
Email: dpierre@constangy.com

# Exhibit A

## RELEASE OF CLAIMS

In consideration for the monetary relief in the amount of $40,000.00 to be paid to me by or on behalf of Wal-Mart Stores East, LP ("Walmart") pursuant to the Consent Decree in connection with the resolution of *Equal Employment Opportunity Commission v. Wal-Mart Stores East, LP,* Civil Action No. 5:23-cv-00160-D-RJ and in EEOC Charge No. 433-2018-03320, I release, acquit, discharge, and waive my right to recover for any claims that were or could have been included in the EEOC's Complaint in this lawsuit, and/or EEOC Charge No. 433-2018-03320.

In witness whereof, Calvin Hagan has caused this Release to be executed this ___ day of _____, 2024.

_____
Calvin Hagan

Sworn before me this
___ day of _____, 2024
Notary Public

# EXHIBIT B

# EMPLOYEE NOTICE



1. This Employee Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Walmart.

2. Federal law requires that employers provide reasonable accommodations to any person with a disability, unless such accommodation creates an undue hardship on the employer. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding or hearing, or otherwise asserted the rights under the laws enforced by the EEOC.

3. Walmart will comply with such federal laws in all respects. Furthermore, Walmart will not take any actions against associates because they have exercised their rights, reported an alleged violation under the law or provided testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S Equal Employment Opportunity Commission.

4. Associates who would like to request a reasonable accommodation due to a disability should contact the Accommodation Service Center at 1-855-489-1600 and follow the instructions provided. Associates may seek reconsideration of the ASC's determination for up to 30 days after the determination by calling 1-855-489-1600. Associates may also request assistance from the Store Manager, the Co-Manager(s), the People Lead, or the People Operations Lead. Complaints may be reported confidentiality and/or anonymously to the Global Ethics & Compliance Office using one of these methods:
   - www.walmartethics.com and selection "Report a Concern"
   - Access True North on the WIRE and select "Report a Concern"
   - Email ethics@walmart.com
   - Call 1-800-WMETHIC (1-800-963-8442)

5. Associates have the right to report allegations of employment discrimination in the workplace. An associate may contact their local U.S Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
www.eeoc.gov

This Notice will remain posted for two (2) year by agreement with the EEOC.
DO NOT REMOVE THIS NOTICE UNTIL: [INSERT DATE]